**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROGER D. ROMERO,**<br>         **Plaintiff,**<br>    **v.**<br>**CITIBANK USA, NATIONAL ASSOCIATION,**<br>         **Defendants.** | **1:07-CV-00549 OWW-SMS**<br><br>**MEMORANDUM DECISION RE DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD (DOC. 4)** |

### 1.   INTRODUCTION

This matter comes before the court on Defendant Citibank (South Dakota), N.A.'s, successor in interest to Citibank USA, National Association ("Citibank" or "Defendant") motion to confirm arbitration award pursuant to Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9, 13 against Plaintiff Roger D. Romero ("Romero" or "Plaintiff").

### 2.   PROCEDURAL BACKGROUND

This case arises out of a dispute between Plaintiff and Defendant regarding Plaintiff's Home Depot-branded credit card issued by Defendant. On April 10, 2007, Plaintiff filed a motion to transfer to federal district court. (Doc. 1, Motion to Transfer.) The dispute was brought before an arbitrator and arbitrated on April 12, 2007. (Doc. 4, Motion to Confirm Arbitration Award ("Motion"), Memorandum of Points and

1

Authorities ("P&A"), § I; and Declaration of Andrew W. Moritz ("Mortiz Decl."), Exhibit 5, filed on July 16, 2007.) The award (the "Award") was issued by the arbitrator on April 14, 2007. (*Id.*, Mortiz Decl., Exhibit 5.) On May 11, 2007, Plaintiff filed with the arbitrator a motion to vacate the award on the basis of lack of personal and subject matter jurisdiction under the Federal Rules of Civil Procedure. (*Id.*, P&A, § I, p. 2:10-13.) On May 25, 2007, Citibank filed their opposition with the arbitrator. (*Id.*) The arbitrator denied Plaintiff's motion in an order dated June 3, 2007. (*Id.*) On July 16, 2007, Citibank moved to confirm the arbitration award. (Doc. 4, Motion.) Citibank filed their reply on August 31, 2007. (Doc. 7, Reply.)

### 3. FACTUAL BACKGROUND

On or about February 2006, Romero commenced an arbitration proceeding against Citibank through the American Arbitration Association ("AAA") in connection with his dispute regarding his Home Depot-branded credit card ("Account") issued by Citibank. (Doc. 4, P&A, § I, p. 1:4-8; and Mortiz Decl., Exhibit 1.) The binding arbitration agreement between the parties under the Account ("Arbitration Agreement") states: "Either you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us (called "Claims")." (Doc. 4, Mortiz Decl., Exhibit 2.) Under the Arbitration Agreement parties can choose from one of three arbitration firms, AAA, JAMS or National Arbitration Forum. *(Id.)* The arbitration proceeding, entitled *Roger D. Romero v. Citibank USA, National Association*, AAA Ref. No. 74 148 E 00244 06 LIAL ("Arbitration") was assigned to arbitrator, The Hon. Lester H.

1  Berkson ("Arbitrator") by AAA. (Doc. 4, Moritz Decl., ¶ 4.)
2      Plaintiff contended in his arbitration demand that Citibank
3  violated the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666,
4  *et seq.* Plaintiff cited billing errors, restricting the Account,
5  unlawful collection actions through statements and telephone
6  calls, and ultimately the closing the Account on or about
7  September 2005. (Doc. 4, Mortiz Decl., Exhibit 1, p. 14-20.)
8      Defendant in its counterclaim, claimed Plaintiff failed to
9  submit timely "billing error" notices under FCBA and sought
10 recovery of the outstanding debt owed under the Account. (*Id.*,
11 Mortiz Decl., Exhibit 3.)
12     Plaintiff thereafter made a motion to voluntarily dismiss
13 his arbitration demand without prejudice.  On April 5, 2007, the
14 Arbitrator granted Plaintiff's motion.  In connection with
15 Citibank's counterclaim, the Arbitrator ruled that the telephonic
16 arbitration hearing scheduled for April 12, 2007 would proceed.
17 (Doc. 4, Mortiz Decl., ¶ 5 and Exhibit 4.)
18     On April 12, 2007, a telephonic arbitration hearing was
19 conducted by the Arbitrator. On April 14, 2007, the Arbitrator
20 awarded $6,108.85 to Defendant against Plaintiff. (Doc. 4, Mortiz
21 Decl., Exhibit 5 and 6.)
22     On May 11, 2007, Plaintiff filed with the Arbitrator a
23 motion to vacate the Award.  On May 25, 2007, Defendant filed
24 their opposition to Plaintiff's motion to vacate the Award.  The
25 Arbitrator denied the motion on June 3, 2007. (Doc. 4, P&A, § I,
26 p.2:10-13; and Mortiz Decl., Exhibit 7.)
27 //
28 //

**3**

**4.   STANDARD OF REVIEW**

**A. Applicable Law**

Section 2 of the FAA provides: "A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2. "Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements,..." *Id.* (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24 (1983)).

"When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally (though with a qualification we discuss below) should apply ordinary state-law principles that govern the formation of contracts."  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  The condition to this rule is: "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clear and unmistakable' evidence that they did so."  *Id.*

Section 9 of the FAA authorizes a party to an arbitration to apply for an order confirming an award: "any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and

**4**

thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. If no court is specified by the parties, then the party may make an application in the district court in which the award was granted, jurisdiction occurs once adverse party has been served. *Id.*

The review of arbitration awards is "extremely limited." *A.G. Edwards & Sons, Inc. V. McCollough,* 967 F.2d 1401, 1403 (9th Cir. 1992); *Todd Shipyards Corp. V. Cunard Line, Ltd.,* 943 F.2d 1056, 1060 (9th Cir. 1991). Courts are deferential to the decisions made by arbitrators. *Rostad & Rostad Corp. V. Inv. Mgmt. & Research, Inc.,* 923 F.2d 694, 697 (9th Cir. 1991). "An arbitrator's decision must be upheld unless it is 'completely irrational,' or it constitutes a 'manifest disregard of law.'" *Todd Shipyards Corp.,* 943 F.2d at 1060 (quoting *French v. Merrill Lynch*, 784 F.2d 902, 906 (9th Cir. 1986)). Otherwise if no such situation exists, the court must affirm the award. *Corsini v. Prudential Securities, Inc.,* 1995 WL 663174, p.1 (S.D. Cal. 1995); *see also Barnes v. Logan*, 122 F.3d 820, 821, 825 (9th Cir. 1997) ("An award will not be set aside unless it manifests a complete disregard of the law." (citing *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.,* 84 F.3d 1186, 1190 (9th Cir. 2006).)); *Sheet Metal Workers v. v. Arizona Mechanical & Stainless, Inc.*, 863 F.2d 647, 653 (9th Cir. 1988) ("If, on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced."). "The reviewing court should not concern itself with the 'correctness' of an arbitration award." *Thompson v. Tega-Rand*

5

*Int'l*, 740 F.2d 762, 763 (9th Cir. 1984). "Deference to the arbitrators is the rule." *Rostad*, 923 F.2d at 697. The threshold question then is whether the "parties have agreed to arbitrate the subject in dispute" *Sheet Metal Workers*, 863 F.2d at 653.

Section 13 of the FAA provides the procedures required to be undertaken by a party moving for a motion to confirm an arbitration award:

> The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:
> (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
> (b) The award.
> (c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

9 U.S.C. § 13.

### 5. DISCUSSION

Plaintiff commenced an arbitration proceeding against Defendant pursuant to their Arbitration Agreement under the Account in or about February 2006. The terms of the Account permitted both parties to elect mandatory and binding arbitration to resolve any disputes surrounding the account. Therefore, it is clear and unmistakable that both parties consented to arbitration.

This court is the proper venue as the award was issued by the Arbitrator, under the AAA, Western Case Management Center located in Fresno, California pursuant to FAA § 9. The Award was granted on April 14, 2007 and Defendant filed the motion to confirm arbitration award on July 16, 2007, well within the one

**6**

year statutory period.

Defendant filed, pursuant to FAA § 13, the Arbitration Agreement, the appointment of the arbitrator and the Award.(Doc. 4, Mortiz Decl., Exhibits 1,2 and 5.)

The issue arbitrated concerned the Account of Plaintiff for a Home Depot-branded credit card issued by Defendant. Both parties participated in the arbitration proceeding in accordance with the binding Arbitration Agreement. As Defendant asserts, the Arbitrator heard testimony from both parties and received documents from both parties containing their arbitration claims which the Arbitrator reviewed. The Arbitrator conducted a telephone hearing on April 12, 2007, where Plaintiff admitted to the charges of $4,393.37 and confirmed he had not paid the amount in dispute. Defendant confirmed the amount and also asserted interest, finance and late charges for total indebtedness owed by Plaintiff to Defendant of $6,108.85. The Arbitrator entered an award for the full amount asserted by Defendant on April 14, 2007. The Arbitrator's award does not appear "completely irrational" or in "manifest disregard of the law." Plaintiff did not deny that he owed the amount asserted by Defendant nor did Plaintiff bring forth any defenses to the Arbitrator in the proceedings for the amount owed on the Account.

Furthermore, in the present proceedings Plaintiff has not made an application to modify, correct or vacate an award pursuant to 9 U.S.C. §§ 10 or 11, therefore this court will not conduct an analysis under those provisions of the FAA.

//

**7**

## CONCLUSION

For the reasons set forth above, Defendant's motion to confirm arbitration award is **GRANTED**.

IT IS SO ORDERED.

**Dated:   September 13, 2007**              /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE