STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI (State Bar No. 165996)
MARCOS D. SASSO (State Bar No. 228905)
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Defendant
   Citibank (South Dakota), N.A., successor in interest to Citibank
   USA, National Association

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER D. ROMERO,<br><br>    Plaintiff,<br><br>    v.<br><br>CITIBANK USA, NATIONAL ASSOCIATION,<br><br>    Defendant. | No. 1:07-CV-00549-OWW-SMS<br><br>**REVISED OPPOSITION OF DEFENDANT CITIBANK (SOUTH DAKOTA), N.A. TO MOTION TO VACATE ARBITRATION AWARD**<br><br>Date: November 5, 2007<br>Time: 10:00 a.m.<br>Courtroom: 3 |

Defendant Citibank (South Dakota, N.A. ("Citibank") hereby submits its Revised Opposition to the Motion to Vacate Arbitration Award filed by Plaintiff Roger D. Romero. This Revised Opposition supersedes the prior Opposition (Docket No. 14) filed on October 15, 2007.

## I. INTRODUCTION

The Motion to Vacate Arbitration Award (the "Motion to Vacate") filed by plaintiff Roger D. Romero ("Romero") is nothing more than a disguised, wholly improper and belated attempt to attack and vacate the judgment entered by this Court against him and in favor of defendant Citibank. As detailed below, Romero's Motion to Vacate is substantively and procedurally improper and barred as a matter of law.

On September 10, 2007, this Court held a hearing on Citibank's motion to confirm an arbitration award (the "Award") entered by the American Arbitration Association ("AAA") in Citibank's favor and against Romero regarding Romero's Citibank credit card account. Romero did not oppose the motion to confirm and did not appear at the hearing. The Court granted the motion and, on September 12, 2007, confirmed the Award as a judgment (the "Judgment"). Importantly, in reaching its decision, the Court specifically (and correctly) noted that, as of the date of its ruling, Romero had not made an application to modify, correct or vacate the Award in accordance with Sections 10 or 11 of the Federal Arbitration Act ("FAA"). Under the FAA, Romero was required to move to vacate the award, if he wished to do so, within three months of the delivery of the award. Romero did not file the Motion to Vacate until *five* months after the AAA transmitted the Award to the parties via U.S. Mail on April 18, 2007 and until after this Court confirmed the Award as a Judgment.

The simple truth is that Romero cannot collaterally attack the Judgment under the disguise of a Motion to Vacate. To hold otherwise would render the whole purpose and effect of a final judgment meaningless. Accordingly, the Court should deny Romero's defective Motion to Vacate the arbitration award.

## II. FACTUAL BACKGROUND

### A. The Arbitration And The Award

In or about February 2006, Romero commenced an arbitration proceeding through the AAA against Citibank USA, National Association in connection with a dispute relating to his Home Depot-branded credit card account (the "Account") issued by Citibank. The arbitration proceeding was entitled Roger D. Romero v. Citibank USA, National Association, AAA Ref. No. 74 148 E 00244 06 LIAL (the "Arbitration"), and was commenced pursuant to the parties' binding arbitration agreement (the "Arbitration Agreement"). (See Docket No. 4 (Citibank's' Motion to Confirm Arbitration Award, Declaration of Andrew W. Moritz ("Moritz Decl."), Ex. 1 ("Arbitration Demand"), Ex. 2 (Arbitration Agreement).)

The AAA appointed arbitrator the Hon. Lester H. Berkson (the "Arbitrator") as the arbitrator in the Arbitration. On April 12, 2007, the Arbitrator presided over a telephonic arbitration hearing in which the Arbitrator accepted evidence, including testimony and documents, from both parties. On April 14, 2007, the Arbitrator issued an award (the "Award"), and the AAA transmitted the Award to the parties via U.S. Mail on April 18, 2007. (Docket No. 4 (Citibank's' Motion to Confirm Arbitration Award, Moritz Decl., ¶¶ 3, 5, Ex. 6 (AAA Letter to Romero and Citibank).) Pursuant to the FAA, Romero had three months, until July 20, 2007, to file a motion to vacate the Award. Romero did not file any motion to vacate the Award during the authorized time period.

On May 11, 2007, Romero filed a motion to vacate the Award in the AAA arbitration forum, challenging the Award based on a purported lack of personal and subject matter jurisdiction under the Federal Rules of Civil Procedure. Citibank filed an opposition on May 25, 2007, and the Arbitrator issued an order denying the motion on June 3, 2007. (Id. Ex. 7 (Arbitrator's June 3, 2007 Ruling).).

### B. Citibank's Motion To Confirm The Award And The Judgment Thereon

On July 16, 2007, Citibank filed a motion to confirm the Award in this Court (the "Motion to Confirm"). (See Docket No. 4.) Citibank concurrently served notice that the hearing on the Motion to Confirm was scheduled to occur on September 10, 2007. (Id.) Romero failed to serve or

REVISED OPPOSITION TO MOTION TO VACATE ARBITRATION AWARD
- 2 -

file any opposition to Citibank's Motion to Confirm. On August 31, 2007, Citibank filed a Reply in support of its Motion to Confirm, advising the Court that no opposition had been received by Citibank, nor was any reflected in the Court's online docket. (See Docket No. 7.) The hearing on the Motion to Confirm occurred as scheduled on September 10, 2007. Romero did not appear. (See Docket No. 8.) On September 10, 2007, the Court granted Citibank's Motion to Confirm and, on September 13, 2007, a Memorandum and Order confirming the Award was filed and served on the parties (the "Order"). (See Docket No. 10.) Thereafter, on September 14, 2007, the Judgment (already defined above) on the Order was entered and served on the parties. (See Docket No. 11.) On September 14, 2007, nearly five months after the AAA transmitted the Award to the parties, Romero filed his tardy Motion to Vacate the Award. (See Docket No. 12.)

### III. ARGUMENT

**A.   This Court Already Has Confirmed The Award As A Judgment And Romero Is Barred From Belatedly Challenging The Judgment.**

Under the FAA, the Judgment "shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Thus, a motion to confirm an arbitration award "puts the other party to his objections" and he "cannot idly stand by, allow the award to be confirmed and judgment thereon entered, and then move to vacate the award just as though no judgment existed." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 112 (2d Cir. 2006) (quotation omitted) (holding that the failure to timely seek to vacate award or oppose motion to confirm award barred consideration of claims raised after judgment confirming award had been entered); see also Domino Group, Inc. v. Charlie Parker Mem'l Found., 985 F.2d 417, 421 (8th Cir. 1993) (holding that order confirming arbitration award based upon unopposed motion to confirm barred untimely request to alter award).

Here, this Court already has confirmed the Award as a Judgment. Romero was afforded ample opportunity to participate in the briefing and argument of the Motion to Confirm the Award but chose not to do so. Moreover, Romero did not appear at the duly noticed hearing on September 10, 2007. The Court took note of the fact that Romero did not appear at the hearing, and, based

upon the evidence before it, granted the Motion to Confirm and, thereafter, on September 13, 2007 entered its detailed Order confirming the Award. Judgment was entered on September 14, 2007. Under the FAA, Romero is barred from challenging the Judgment through his belated Motion to Vacate as a matter of law. Thus, the Motion to Vacate must be denied in its entirety.

**B.  Romero's Motion Is Untimely And Romero's Challenge To The Award Is Time-Barred.**

Under the FAA, a party seeking to vacate or modify an arbitration award must file a motion to do so within three months after the award is "filed or delivered." 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered"). It is firmly established that a party that fails to file timely a motion to vacate an arbitration award within the FAA's three month window is prohibited from later challenging the award. See, e.g., Piccolo v. Dain, Kalman & Quail, Inc., 641 F.2d 598, 600 (8th Cir. 1981) ("A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award"); Colavito v. Hockmeyer Eqp't Corp., 605 F. Supp. 1482, 1487 (S.D.N.Y. 1985) ("The limitation period for an action to vacate an arbitration award is three months, calculated from the date of the award"; motion to vacate award filed more than three months after award issued was untimely and thus award was confirmed); Corey v. New York Stock Exchange, 691 F.2d 1205, 1212 (6th Cir. 1982) ("Failure to comply with this statutory precondition of timely service of notice forfeits the right to judicial review of the award"); M.J. Woods, Inc. v. Conopco, Inc., 271 F. Supp. 2d 576, 582 (S.D.N.Y. 2003) (failure to file motion to vacate within three months of award's issuance required confirmation of award").

Simply put, as a matter of law, the failure to challenge an arbitration award within the applicable limitations period renders the award final. See White v. Mayflower Transit, LLC, 481 F. Supp. 2d 1101, 1104-05 (C.D. Cal. 2007) (holding that the failure to move to vacate the award within three months after its delivery bars a party from later challenging the award); Chauffeurs, Teamsters, Warehousemen & Helpers, Local Union No. 135 v. Jefferson Trucking Co., 628 F.2d 1023, 1025 (7th Cir. 1980) (holding that a defendant's failure to move to vacate an arbitration

award "within the prescribed time period for such a motion precludes it from seeking affirmative relief in a subsequent action to enforce the award"). A party that does not move to vacate an arbitration award loses the right to oppose confirmation of the award when sought by the other party. See Florasynth, Inc. v. Pickholz, 750 F.2d 171, 175 (2d Cir. 1984) (recognizing that " a party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm").

Here, the Arbitrator issued the Award on April 14, 2007, and the AAA transmitted the Award to the parties by U.S. mail on April 18, 2007. Even allowing three additional days for service of the Award by mail (see Fed. R. Civ. P. 5(b)(2)(B), 6(e)), Romero's deadline to file a motion to vacate the Award in Court expired no later than July 20, 2007. Consequently, Romero's Motion, filed on September 14, 2007, nearly two months after the deadline lapsed, is well outside the three months that the FAA permits.[1] And, again, Romero did not even appear for the hearing on Citibank's Motion to Confirm the Award. In short, Romero made no effort to challenge the Award until *after* the Award had been confirmed and Judgment entered. Accordingly, pursuant to the FAA, Romero's Motion is untimely and must be denied.

---

[1] Even applying California state law regarding the time within which to challenge an arbitration, Romero's Motion is time-barred. Under California law, a party seeking to vacate an arbitration award must file a motion to vacate the award within 100 days after service of a signed copy of the award on the proponent of vacateur. Cal. Civ. Proc. Code § 1288. A signed copy of the Award was served by mail on Romero on April 18, 2007. Allowing even five days for service by mail under California law (see Cal. Civ. Proc. Code § 1013), Romero's time to challenge the Award expired no later than August 1, 2007. Under any measure, Romero's tardy attempt to vacate the Award is precluded.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Romero's Motion to Vacate the Award in its entirety.

Dated: October 16, 2007

STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI
MARCOS D. SASSO

By: _____
Marcos D. Sasso

Attorneys for Defendant
CITIBANK (SOUTH DAKOTA), N.A.,
successor in interest to CITIBANK USA,
NATIONAL ASSOCIATION

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Los Angeles, California 90067-3086.

On October 16, 2007, I served the foregoing document(s) described as: **REVISED OPPOSITION OF DEFENDANT CITIBANK (SOUTH DAKOTA), N.A. TO MOTION TO VACATE ARBITRATION AWARD** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Roger D. Romero
> P.O. Box 1446
> Bishop, California 93515

☐ **(VIA PERSONAL SERVICE)** By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth above.

☒ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☐ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 16, 2007, at Los Angeles, California.

_____Lori Reed_____          _____[Signature]_____
[Type or Print Name]                 [Signature]

PROOF OF SERVICE