### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER D. ROMERO,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITIBANK USA, NATIONAL ASSOCIATION,<br><br>                    Defendants. | 1:07-CV-00549 OWW-SMS<br><br>**MEMORANDUM DECISION RE GRANTING PLAINTIFF'S MOTION TO DISMISS THE COMPLAINT AND DENYING PLAINTIFF'S MOTION TO VACATE (DOC. 10, 11, 12 and 19)** |

### 1.   INTRODUCTION

Pro Se Plaintiff Roger D. Romero ("Romero") in his latest filing moves to dismiss his suit against Defendant Citibank (South Dakota), N.A.'s, successor in interest to Citibank USA, National Association ("Citibank").  Plaintiff also moves to vacate the arbitration award.  Defendant Citibank's arbitration award was previously confirmed on September 13, 2007.  These matters were heard on January 28, 2008.

### 2.   PROCEDURAL AND FACTUAL BACKGROUND

This case arises out of a dispute between Plaintiff and Defendant regarding Plaintiff's Home Depot-branded credit card issued by Defendant that was arbitrated before an arbitrator and resulted in an award being entered in favor of Citibank on April 12, 2007 ("Arbitration Award"). (Doc. 4, Motion to Confirm Arbitration Award, Memorandum of Points and Authorities ("P&A"), § I; and Declaration of Andrew W. Moritz ("Mortiz Decl."),

1

1  Exhibit 5, filed on July 16, 2007.)

2      Plaintiff initiated this case in federal court on April 10,

3  2007 by filing a complaint to transfer his ongoing but not yet,

4  completed arbitration proceeding, to federal district court.

5  (Doc. 1, Complaint.)

6      The arbitration proceeding was instituted by Plaintiff

7  Romero on or about February 2006 against Citibank through the

8  American Arbitration Association ("AAA") in connection with his

9  dispute regarding his Home Depot-branded credit card ("Account")

10  issued by Citibank. (Doc. 4, P&A, § I, p. 1:4-8; and Mortiz

11  Decl., Exhibit 1.)   The binding arbitration agreement between

12  the parties under the Account ("Arbitration Agreement") states:

13  "Either you or we may, without the other's consent, elect

14  mandatory, binding arbitration for any claim, dispute, or

15  controversy between you and us (called "Claims")." (Doc. 4,

16  Mortiz Decl., Exhibit 2.)

17      The parties choose AAA, as the arbitration firm to handle

18  the arbitration, per the Arbitration Agreement. (*Id.*)   After both

19  parties had filed their complaints with the arbitrator, including

20  Citibank's counterclaim, Plaintiff moved to voluntarily dismiss

21  the arbitration claim with prejudice which was granted by the

22  Arbitrator on April 5, 2007.  On April 10, 2007, Plaintiff filed

23  in the Eastern District Court of California his Complaint to

24  transfer the arbitration proceeding to federal court, titled a

25  motion to transfer; however Plaintiff did not notice with the

26  Court a date or time for hearing a motion and no hearing was

27  held.

28      A telephonic arbitration was held by the AAA arbitrator on

**2**

1    April 12, 2007 in connection with Citibank's remaining

2    counterclaim, and the Arbitrator awarded $6,108.85 to Defendant

3    Citibank against Plaintiff Romero. (Doc. 4, Mortiz Decl., Exhibit

4    5 and 6.)

5         On May 11, 2007, Plaintiff filed with the arbitrator a

6    motion under the Federal Rules of Civil Procedure to vacate the

7    award on the basis of lack of personal and subject matter

8    jurisdiction. (Doc. 4, P&A, § I, p. 2:10-13.)  On May 25, 2007,

9    Citibank filed their opposition with the arbitrator. (*Id.*)  The

10   arbitrator denied Plaintiff's motion in an order dated June 3,

11   2007. (*Id.*)

12        Defendant Citibank then moved in this Court on July 16, 2007

13   to confirm the Arbitration Award against Plaintiff Romero,

14   noticing a hearing on the motion for September 10, 2007.[1] (Doc.

15   4, Motion to Confirm Arbitration Award.)  Plaintiff did not file

16   an opposition by the September 10, 2007 hearing date nor did

17

18   [1] Per the proof of service attached to the Motion to Confirm
     Arbitration Award, the motion was served on Plaintiff Roger D.
19   Romero by Defendant via U.S. Mail on July 16, 2007. (Doc. 4-8, p.
     4.)  Plaintiff alleges in his pleading titled Motion to Vacate
20   Order, dated October 10, 2007 that a hearing was held on
     September 12, 2007 without his knowledge and judgment entered
21   against him. (Doc. 15, Motion to Vacate Order, p. 1: 24-28.)  The
     hearing on the Motion to Confirm Arbitration Award was heard on
22   September 10, 2007 not September 12, 2007.  Plaintiff's own
     Motion to Vacate contains the date, September 10, 2007 and time
23   of hearing, 10 a.m., in the caption and states that Plaintiff
     requests a telephonic appearance.  Further, the proof of service
24   of Defendant's Motion to Confirm Arbitration Award demonstrates
     the motion was mailed to Plaintiff.  Plaintiff may be confusing
25   the scheduling conference which he also mentions in his Motion to
     Vacate Order, originally scheduled for August 29, 2007 and
26   continued to October 12, 2007.  The scheduling conference was not
     held and a judgment was not entered against Plaintiff in any
27   scheduling conference in this matter.

28

3

1   Plaintiff appear for the hearing.  On August 31, 2007 Defendant

2   filed a reply to its own Motion to Confirm Arbitration Award.[2]

3   (Doc. 7, Reply.)  A hearing was held on September 10, 2007.

4        An Order granting Defendant's Motion to Confirm Arbitration

5   Award on September 13, 2007 and a Judgment in Defendant's favor

6   was entered by the Court on September 14, 2007.  Plaintiff filed

7   a Motion to Vacate on September 14, 2007. (Doc. 12, Motion to

8   Vacate.)  A month later, on October 12, 2007, Plaintiff filed a

9   Motion to Vacate Order, which supplements his Motion to Vacate

10  pleading filed on September 14, 2007. (Doc. 15, Motion to Vacate

11  Order.)  Defendant filed its (revised) Opposition to Plaintiff's

12  Motion to Vacate on October 16, 2007. (Doc. 16, Opposition.)

13  Then, two weeks later on October 31, 2007, Plaintiff filed a

14  Motion to Dismiss but did not file a notice of the date and time

15  for the motion. (Doc. 19, Motion to Dismiss.)

16                      **3.  DISCUSSION**

17       There are now two motions by Pro Se Plaintiff Romero, a

18  Motion to Vacate and the latest a Motion to Dismiss the suit,

19  which was not noticed for hearing.  Both were heard by this Court

20  on January 28, 2008.

21  **A.   Failure to Timely File Motion to Vacate**

22       Plaintiff filed a Motion to Vacate on September 14, 2007.

23  However, Plaintiff Romero's Motion to Vacate is untimely.  Under

24  9 U.S.C. § 12, a "[n]otice of a motion to vacate ... an award

25  _____

26       [2] Per the proof of service to the Reply, Defendant served
    the Reply on Plaintiff via U.S. Mail, August 31, 2007. (Doc. 7,
27  Reply, p. 5.)  The proof of service of the reply demonstrates
    that Plaintiff received a second pleading noting the date and
28  time of the hearing.

                              **4**

1  must be served upon the adverse party or his attorney *within*

2  *three months after the award is filed* or delivered." 9 U.S.C. §

3  12. (emphasis added).  In comparison a party has one year after

4  the award is confirmed by the arbitrator to file a motion to

5  confirm an arbitration award under FAA § 9 ("...at any time

6  within one year after the award is made any party to the

7  arbitration may apply to the court so specified for an order

8  confirming the award, and thereupon the court must grant such an

9  order unless the award is vacated, modified, or corrected as

10 prescribed in sections 10 and 11 of this title.").

11     A motion to vacate an arbitration award after the three

12 months prescribed time is not permitted, even if filed as part of

13 an opposition to a motion to confirm an arbitration award or to

14 assert new claims. *See Brotherhood of Teamsters & Auto Truck*

15 *Drivers v. Celotex Corp.*, 708 F.2d 488, 490 (9th Cir.1983) ("An

16 unsuccessful party at arbitration who did not move to vacate the

17 award within the prescribed time may not subsequently raise, as

18 affirmative defenses in a suit to enforce the award, contentions

19 that it could have raised in a timely petition to vacate the

20 award."); *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement*, 791

21 F.2d 1334, 1338-39 (9th Cir. 1986) ("[t]he three month notice

22 requirement of section 12 for appeal of an award on section 10 or

23 11 grounds [would be] meaningless if a party to the arbitration

24 proceeding [could] bring an independent action asserting such

25 claims outside of the statutory time period provided for in

26 section 12." (quoting *Corey v. New York Stock Exchange*, 691 F.2d

27 1205, 1213 (6th Cir. 1982))

28     Plaintiff did not bring his Motion to Vacate, filed

**5**

September 14, 2007 and dated August 18, 2007, within the time period specified by FAA § 10.[3]   The Arbitration Award was entered by the arbitrator on April 14, 2007.  Under § 10 of the FAA, Plaintiff had three months from April 14, 2007 to move to vacate the award.  Plaintiff's Motion to Vacate the Arbitration Award should have been filed by July 14, 2007.  The Court did not receive the Motion to Vacate until September 14, 2007, five months after the arbitrator entered the Arbitration Award.

Plaintiff asks the Court to consider that Plaintiff had sent Defendant Citibank and the Court the Motion to Vacate weeks

---

[3] Under 9 U.S.C. § 10, a district court may vacate an arbitration award only:

> (1) where the award was procured by corruption, fraud or undue means;
> (2) where there was evident partiality or corruption on the part of the arbitrators;
> (3) where the arbitrators were guilty of misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10.

Section 10 of the FAA does not specifically sanction judicial review of the merits of the arbitration awards, but the Ninth Circuit has adopted the "manifest disregard of the law" standard, a limited exception "under which a procedurally proper arbitration award may be vacated." *Collins v. D.R. Horton, Inc.*, 2007 WL 2756956, p. 3. (9th Cir., September 24, 2007) "[F]ederal courts of appeals have repeatedly held, 'manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. It must be clear from the record that the arbitrators recognized the applicable law and then ignored it. As such, mere allegations of error are insufficient." *Carter v. Health Net of California*, 374 F.3d 830, 838 (internal citations, quotation marks, and alterations omitted).

before his September 14, 2007 filing but the motion papers were
returned by the U.S. Postal Service for insufficient postage.
The Motion to Vacate is dated August 18, 2007. (Doc. 12, Motion
to Vacate, pp. 8-9.)  The Motion to Vacate also contains a
certificate of service for service via U.S. Mail to Citibank's
counsel, dated August 18, 2007. (Doc. 12, Motion to Vacate, p.
9.)  However, even if Romero sent the Motion to Vacate on August
18, 2007, he cannot bring as a defense to Citibank's Motion to
Confirm Arbitration Award an untimely Motion to Vacate as it
should have been filed by July 14, 2007. *See White v. Mayflower
Transit, LLC*, 481 F.Supp.2d 1101, 1104-5 (C.D.Cal. 2007);
*Florasynth, Inc. v. Pickholz*, 750 F.2d 171 (2nd Cir. 1984).

Either date, August 18, 2007 or September 14, 2007, is well
past the three months from the date the Arbitration Award was
entered and Plaintiff loses his right to oppose the confirmation
of the award. *See Florasynth*, 750 F.2d at 175 ("a party may not
raise a motion to vacate, modify, or correct an arbitration award
after the three month period has run, even when raised as a
defense to a motion to confirm."); *Chauffeurs, Teamsters,
Warehouseman and Helpers, Local Union No. 135 v. Jefferson*, 628
F.2d 1023, 1025 (7th Cir. 1980) ("...failure to move to vacate
the arbitration award within the prescribed time period for such
a motion precludes it from seeking affirmative relief in a
subsequent action to enforce the award."); *Piccolo v. Dain,
Kalman & Quail, Inc.*, 641 F.2d 598, 600 (8th Cir. 1981)
("district court properly determined that the Piccolos' failure
to serve their complaint within the three months of the award
deprived it of power to review the award."); *D.H. Blair & Co.,*

**7**

1   *Inc. v. Gottdiener*, 462 F.3d 95, 112 (2nd Cir. 2006) ("He cannot

2   idly stand by, allow the award to be confirmed and judgment

3   thereon entered, and then move to vacate the award just as though

4   no judgment existed.")

5       The Second Circuit in *Florasynth, Inc. v. Pickholz*, 750 F.2d

6   171, 175-76 (2nd Cir. 1984) cited two important reasons for

7   enforcing the FAA's three month limitation

8         First, the confirmation of an arbitration award is a
summary proceeding that merely makes what is already a

9         final arbitration award a judgment of the court.
[citation omitted]...In fact, in the majority of cases,

10       the parties to an arbitration do not obtain court
confirmation...Armed with a court order the winning

11       party has a variety of remedies available to enforce
the judgment.

12       Second, parties choose to arbitrate because they want
quick and final resolution of their disputes.  The role

13       of arbitration as a mechanism for speedy dispute
resolution disfavors delayed challenges to the validity

14       of an award. [citation omitted]

15       Plaintiff at oral argument also expressed some confusion

16   regarding Citibank's ability to file their Motion to Confirm

17   Arbitration Award against Plaintiff as he asserts he was never

18   served.  However, Plaintiff initiated the case when he filed his

19   Complaint seeking to transfer the arbitration proceeding to

20   federal court on April 10, 2007. (Doc. 1, Complaint.)  Second,

21   Plaintiff was served via U.S. mail Defendant's Motion to Confirm

22   Arbitration Award by Defendant Citibank and Plaintiff Romero

23   responded to the motion not once but twice, opposing the motion.

24   This Court has personal jurisdiction over Plaintiff by

25   Plaintiff's appearance and commencing the initial action; as

26   Defendant Citibank's Motion to Confirm Arbitration Award concerns

27   the same transaction as the initial Complaint filed by Plaintiff.

28   Filing a complaint constitutes consent to jurisdiction "for all

**8**

purposes which justice to the defendant requires his presence." *Adam v. Saenger*, 303 U.S. 59, 67-68 (1938); Schwarzer, Tashima, & Wagstaffe, Federal Civil Practice Before Trial 3:65 (2007) ("by filing suit, nonresident plaintiff submits to court's personal jurisdiction on cross-complaint regarding same transaction as subject of complaint")

Plaintiff's motion to vacate is **DENIED**.

**B.    Voluntary Motion to Dismiss**

Plaintiff filed a Motion to Dismiss on October 31, 2007, stating in total:

> Now Comes the Plaintiff Roger D. Romero, appearing pro se and enters this motion to dismiss this case: 1:07-CV-00549-OWW-SMS.
> Plaintiff filed this case as a Federal Question. This court dismissed this case. Plaintiff request's the court to take judicial notice of this dismissal.

(Doc. 19. Motion to Dismiss.)

Plaintiff at oral argument stated that by his filing he was attempting to dismiss his suit that he initiated by filing his "Motion to Transfer to Federal District Court," which the Court refers to as Plaintiff's Complaint, filed on April 10, 2007. (Doc. 1, Complaint.) Plaintiff claims that since the Court would not transfer the suit to federal court and the docket indicates the case was dismissed he is seeking a dismissal from the Court. Plaintiff did not file an obligatory notice of motion stating the date and time for hearing his motion, with his Motion to Dismiss. Defendant Citibank, at oral argument, in response stated that it was unaware the hearing on January 28, 2008 would include the Motion to Dismiss as Plaintiff failed to notice the date and time of the hearing. Defendant Citibank

1   therefore did not file any opposition to Plaintiff's Motion to

2   Dismiss and was prepared only for the Motion to Vacate.

3   Defendant Citibank expressed however at oral argument that it

4   does not oppose the Motion to Dismiss.

5       Contrary to Plaintiff's allegations in his Motion to

6   Dismiss, the Court has not dismissed Plaintiff's case. The

7   docket includes an entry on September 14, 2007 that states:

8   "(Court only)***CASE TERMINATED. CASE CLOSED..." but no other

9   entry for dismissal of the suit is in the docket.  This appears

10  to be a clerical error as review of the docket shows no

11  dismissal was filed and entered by this Court.  Docket entry no.

12  26 entered on January 31, 2008 now indicates the following:

13  "Case was closed in error."

14      Plaintiff filed his Complaint on April 10, 2007, Defendant

15  Citibank filed a motion to confirm arbitration award on July 16,

16  2007.  Plaintiff then filed his motion to vacate the arbitration

17  award on September 14, 2007 and thereafter before the motion

18  could be heard by this Court, Plaintiff filed his motion to

19  dismiss the suit, presumably under Federal Rules of Civil

20  Procedure 41(a)(2), which authorizes Voluntary Dismissal by

21  Plaintiff through a court order.

22          Except as provided in Rule 41(a)(1), an action may be
            dismissed at the plaintiff's request only by court
23          order, on terms that the court considers proper.

24  Fed.R.Civ.P. 41(a)(2).

25      Generally, the dismissal is without prejudice unless

26  otherwise ordered by the court.

27      A motion for voluntary dismissal under 41(a)(2) should be

28  granted "unless a defendant can show that it will suffer some

**10**

plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).  At oral argument Defendant Citibank did not oppose Plaintiff's Motion to Dismiss.

Plaintiff's Motion to Dismiss the suit is **GRANTED**.

**C.   Plaintiff's Complaint and Failure to Notice Motion to Transfer**

Romero initiated the federal court case on April 10, 2007 by filing his Complaint, titled a "Motion to Transfer to Federal District Court," seeking to transfer his arbitration proceeding to the federal court.  His Complaint was filed a few days before the arbitrator held the arbitration hearing on April 12, 2007. Romero claimed in his Complaint, or motion to transfer, that there existed a federal question as to whether Citibank had the charter power in their articles of incorporation to lend its credit. (Doc. 1, Complaint, p.1:26-28 and 2:1-3.)  Romero alleges in his Complaint that if there existed no charter power under Citibank's articles of incorporation to lend credit, then the alleged contract entered into by the parties is *ultra vires* (beyond the powers conferred upon Citibank by its charter)[4] and illegal (*e.g.*, against public policy or statutory provision).

> The Federal Question being does the Plaintiff Citibank USA have the Charter Power under its article of incorporation by authority of either the state or federal government to lend its credit?
> If there exists no Charter power under the Articles of Incorporation to lend credit, then the alleged Contract entered into by both parties is illegal "Ultra Vires" and void from the beginning of the transaction and the Plaintiff [Citibank] can sustain no right action...

---

[4] "[U]ltra vires' refers to an act which is beyond the powers conferred upon a corporation by its charter or by the laws of the state of incorporation..." *Marsili v. Pacific Gas & Elec. Co.* 51 Cal.App.3d 313, 322 (1975).

1    The Defendant [Romero] alleges the above criterion for
2    removal is met, as a Federal Question is embodied as a
     crucial element of his defense.  The case at bar is
3    clearly one which qualifies as a federal question that
     can only be litigated in a federal court which has
4    exclusive jurisdiction over banking statutes mandated
     by Congress.

5    (Doc. 1, Complaint, p. 1-2.)

6        The pleadings of pro se litigants "are held to less

7    stringent standards than formal pleadings drafted by lawyers."

8    *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (quotation omitted); *see*

9    *also Karim -Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623

10   (9th Cir. 1988).  However, despite the liberal pleading standards

11   afforded to pro se litigations, adherence to the Federal Rules of

12   Civil Procedure and the Local Rules still apply.

13       Any individual representing himself or herself without
         an attorney is bound by the Federal Rules of Civil or
14       Criminal Procedure and by these Local Rules. All
         obligations placed on "counsel" by these Local Rules
15       apply to individuals appearing in propria persona.
         Failure to comply therewith may be ground for
16       dismissal, judgment by default, or any other sanction
         appropriate under these Rules.
17
     E.D. Cal. Local Rule § 83-183(a).
18
19       If Plaintiff did indeed want to request a motion to

20   transfer, and not a Complaint, the Local Rules require Romero to

21   file a notice of motion along with his motion, which must contain

22   the date, time and place of the motion to be heard.  Under Local

23   Rules, a motion must be noticed "not less than twenty-eight (28)

24   days after personal service and filing of the motion or not less

25   than thirty-one (31) days after mailed or electronic service and

26   filing of the motion."  E.D.Cal. Local Rules § 78-230(b).

27       (g) Caption and Title...there shall appear: (5)
         immediately below the case number and title of the
         document, a statement of the date, time, and name of
28       the Judge or Magistrate Judge for any scheduled hearing

**12**

1   E.D.Cal. Local Rule § 5-133(g)

2           (b) ...all motions shall be noticed on the motion
            calendar of the assigned Judge or Magistrate Judge. The
3           moving party shall file with the Clerk a notice of
            motion, motion, accompanying briefs, affidavits, if
4           appropriate, and copies of all documentary evidence
            that the moving party intends to submit in support of
5           the motion. The matter shall be set for hearing on the
            motion calendar of the Judge or Magistrate Judge to
6           whom the action has been assigned or before whom the
            motion is to be heard, not less than twenty-eight (28)
7           days after personal service and filing of the motion or
            not less than thirty-one (31) days after mailed or
8           electronic service and filing of the motion. Motions
            defectively noticed shall be filed, but not set for
9           hearing...

10  E.D.Cal. Local Rule 78-230(b).

11      Romero filed his Complaint on April 10, 2007 but did not

12  file, if he intended, a notice setting the date and time for a

13  hearing of a motion if that is what Plaintiff desired.   As

14  provided in the Local Rules, "Failure to comply therewith may be

15  ground for dismissal, judgment by default, or any other sanction

16  appropriate under these Rules." E.D. Cal. Local Rule 83-183(a).

17

18                           **CONCLUSION**

19      Plaintiff's motion to vacate the arbitration award is

20  **DENIED.**

21      Plaintiff's motion to dismiss is **GRANTED.**

22

23

24  IT IS SO ORDERED.

25  **Dated:    February 25, 2008**            /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE
26

27

28

                                **13**